Filed 4/3/14  Lovelace v. Elementis Chemicals CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JAMES A. LOVELACE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ELEMENTIS CHEMICALS, INC., as Successor in Interest, etc., et al.,<br><br>    Defendants and Respondents. | C071503<br><br>(Super. Ct. No. 34201100104560CUASGDS) |

After being diagnosed with mesothelioma, James A. Lovelace sued numerous corporate defendants based on asbestos exposure sustained during his years of plumbing and construction work.  Lovelace's operative complaint alleged his mesothelioma was caused by a number of products, including joint compounds manufactured by Georgia-Pacific LLC (Georgia-Pacific) and Kaiser Gypsum Company (Kaiser) and containing

1

asbestos supplied by Elementis Chemical, Inc. (Elementis).[1] Elementis moved for summary judgment by asserting Lovelace had no evidence to indicate Elementis supplied asbestos for any product to which Lovelace was exposed. Lovelace provided deposition testimony that he recalled seeing the Kaiser and Georgia-Pacific names on the joint compound containers he had used. Elementis objected to the evidence on grounds (1) Lovelace had not authenticated the documentary evidence purporting to show Elementis supplied the asbestos to Kaiser or Georgia-Pacific, and (2) Lovelace's testimony about seeing the names of the manufacturers on the joint compound products was inadmissible hearsay. The trial court sustained *both* evidentiary objections and granted summary judgment in favor of Elementis.

On appeal, Lovelace argues his deposition testimony identifying Kaiser and Georgia-Pacific products was not hearsay, fell within the "ancient document" exception to the hearsay rule, and belongs to a class of evidence for which a hearsay exception should be judicially created.

Because Lovelace makes no argument regarding the alternative grounds on which the judgment granting summary judgment rests, we are compelled to affirm.

DISCUSSION

This court will not reverse a judgment for error by the trial court unless the appellant also demonstrates the error was prejudicial. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 (*Cassim*).) The California Supreme Court has explained, "Our state Constitution provides that '[n]o judgment shall be set aside, or new trial granted, in any cause, . . . for any error as to any matter of procedure, unless, after an examination of the

---

[1] Elementis's liability was premised on its status as successor in interest to Harrisons and Crosfield (Pacific) Inc. Because the distinction between the two companies is not relevant to this appeal, we refer to the companies collectively as Elementis.

entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.'  (Cal. Const., art. VI, § 13.)  'The effect of this provision is to eliminate any presumption of injury from error, and to require that the appellate court examine the evidence to determine whether the error did in fact prejudice the defendant.  Thus, reversible error is a relative concept, and whether a slight or gross error is ground for reversal depends on the circumstances in each case.'  (6 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Reversible Error, § 1, p. 443.)" (*Cassim*, at p. 800.)  " '[A] "miscarriage of justice" should be declared only when the court, "after an examination of the entire cause, including the evidence," is of the "opinion" that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' "  (*Ibid.*)

In granting summary judgment, the trial court stated the exclusion of Lovelace's deposition testimony meant "Elementis has demonstrated that Lovelace has no evidence tethering his alleged injuries to the Calidria asbestos for which Elementis is responsible." The trial court further noted:  "However, even assuming that Lovelace's evidence establishes that Elementis distributed the Calidria asbestos to Kaiser Gypsum and Georgia-Pacific, and further assuming that such evidence establishes that Calidria asbestos was an ingredient in the joint compounds to which Lovelace was exposed, there is no admissible evidence that Lovelace was exposed to Kaiser Gypsum joint compound or Georgia-Pacific joint compound with any frequency, regularity and/or proximity."

Lovelace does not contend the trial court erred in excluding for lack of authentication his evidence purporting to show Elementis supplied asbestos for the Kaiser and Georgia-Pacific products to which he was exposed.  Thus, even if we agreed with Lovelace's arguments about the exclusion of evidence on hearsay grounds, we would nonetheless be compelled to affirm based on the unchallenged exclusion of evidence for

3

lack of authentication.[2]  Lovelace's claims against Kaiser and Georgia-Pacific cannot succeed without evidence of causation.  Therefore, we must affirm the judgment. (*Cassim, supra,* 33 Cal.4th at p. 800.)

DISPOSITION

The judgment is affirmed.  Elementis Chemicals, Inc., shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                                                 HOCH    , J.



We concur:



     RAYE    , P. J.



     ROBIE   , J.

---

[2]      Even though Elementis argues this appeal must be dismissed for failure of Lovelace to demonstrate prejudice, Lovelace offers no response and has not filed a reply brief.